IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            CRIMINAL NO.: 13-3141 WJ

DANIEL VELARDE,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

THIS MATTER comes before the Court upon Defendant Daniel Velarde's Motion to Reduce Sentence (**Doc. 42**), filed May 19, 2016. Having considered the parties' written arguments and the applicable law, the Court finds that Defendant's motion is not well-taken and is therefore **DISMISSED** for lack of jurisdiction.

**BACKGROUND**

On April 15, 2014, Mr. Velarde was sentenced to 63 months imprisonment for the offense of Possession with Intent to Distribute A Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). The Presentence Report determined the Base Offense Level was 34 and the criminal history category was I, which resulted in an advisory guideline range of 151–188 months. The Court, based on the then-proposed amendment to U.S.S.G. § 2D1.1, varied downward two levels which resulted in a base offense level of 36 rather than 38. Moreover, Defendant received (a) a mitigating role adjustment pursuant to USSG § 2D1.1(c)(5) which reduced his offense level by another 3 levels; (b) a 2-level safety-valve adjustment; and (c) a 3-level adjustment for acceptance of responsibility.

The final offense level, after application of these adjustments, was 26. An offense level of 26 combined with a criminal history category of I resulted in a guideline imprisonment range of 63–78 months. At sentencing, the Court imposed 63-months incarceration.

Turning to the 2014 retroactive guideline amendment to U.S.S.G § 2D1.1, Amendment 782[1], Defendant's base offense would be 36, rather than 38. As noted above, the Court, at sentencing, applied a 2-point downward adjustment to account for the § 2D1.1 amendment which had not yet taken effect. The final offense level, therefore, remains 26 which, combined with a criminal history category I, results in a guideline imprisonment range of 63–78 months.

## DISCUSSION

Defendant argues that applying the offense level reduction (from level 38 to level 36), the guideline range in this case becomes 63 to 78 months. If Defendant receives the same departure or variance he received when he was sentenced on April 15, 2014, his sentence should now be either 56 months (if the Court adjusted Defendant's guideline range for safety valve at the time of his sentence) or 39 months (if the Court did not adjust Defendant's sentencing range for safety valve as indicated in the Presentence Report). Defendant therefore moves the Court to reduce his sentence to 56 months or 39 months.

The government responds that Defendant is not entitled to essentially the same sentence reduction twice, because Defendant already reaped the benefits of the then-proposed amendment to U.S.S.G § 2D1.1 at his sentencing on April 15, 2014. More specifically, as outlined above, the Court granted Defendant a downward variance and sentenced him to 63 months, in consideration of the amendment to U.S.S.G. § 2D1.1, so Defendant is not eligible for any reduction. The Court agrees.

---

[1] Amendment 782 was made retroactive by Amendment 788, effective November 1, 2014.

"Generally, federal courts are prohibited from 'modify[ing] a term of imprisonment once it has been imposed." *United States v. Kurtz*, 819 F.3d 1230, 1233–34 (10th Cir. 2016) (quoting *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013)); *See also* 18 U.S.C. § 3582(c). "But 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' district courts 'may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Kurtz*, 819 F.3d at 1234 (quoting § 3582(c)(2)).

This Court has no authority to further reduce Defendant's sentence. Defendant is not entitled to another sentence reduction simply because of the 2014 retroactive guideline amendment to U.S.S.G § 2D1.1. As the Court outlined above, the effect of a properly calculated new sentencing range based on the Amendment 782 is that Defendant's sentencing range has been lowered to a new guideline range of 63 to 78 months. The Court's authority is a new sentencing range of 63 to 70 months (i.e., up to the term of imprisonment previously imposed). At sentencing, the Court calculated the advisory sentencing range in anticipation of the amendment to U.S.S.G. § 2D1.1, granted a downward variance, and sentenced Defendant to 63 months, so Defendant is not eligible for what amounts to the same reduction twice. The parties do not dispute any of the aforementioned facts. Accordingly, for the reasons herein stated, the Court finds that Defendant's Motion to Reduce Sentence (**Doc. 42**) is not well-taken and is therefore **DISMISSED** for lack of jurisdiction.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE